```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GREGORY STEWART AND                        CIVIL ACTION
NICOLE STEWART

VERSUS                                     NO. 06-9884

AMERICAN FAMILY INSURANCE GROUP,           SECTION "R"(4)
ALAMO FINANCING LP D/B/A ALAMO
LEASING COMPANY, SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS
AND CANDACE SCHULTZ
```

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this matter to state court. For the following reasons, the Court DENIES the plaintiffs' motion.

### I.  BACKGROUND

This case arises from an automobile accident that occurred in the City of New Orleans on October 25, 2005. The accident involved vehicles operated by plaintiff Gregory Stewart and defendant Candace Schultz. Stewart is a resident of Louisiana. Schultz is a resident of Illinois who was in New Orleans in order

to engage in "animal rescue" activities in the wake of Hurricane Katrina.

Plaintiffs sued Schultz, American Family Insurance Group, Alamo, and the Society for the Prevention of Cruelty to Animals ("SPCA") in state court in Louisiana.[1]  Defendants removed on November 13, 2006, alleging that the SPCA, a Louisiana corporation, was fraudulently joined to defeat diversity.  There is no dispute that the remainder of the defendants are diverse from the plaintiffs.

## II.   LEGAL STANDARDS

### A.   Applying Louisiana Law

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004).  These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine,

---

[1] As is frequently the case, the date stamp on a suit filed in state court is illegible, so the Court cannot determine the exact date on which the plaintiffs sued.

2

conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.**   **Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.

*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C. Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[2] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th

---

[2] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*,

Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id.* at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual

---

404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases, causing no shortage of confusion.

allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

### III. DISCUSSION

The plaintiffs base their motion to remand entirely on their contention that, "[u]pon information and belief Ms. Schultz was in New Orleans helping rescue animals and was either employed by or on a mission for the SPCA." (*See* R. Doc. 5-2 at p. 2; R. Doc. 1 at ¶ 7). Under the doctrine of *respondeat superior*, plaintiffs allege that the SPCA may be liable for the accident because Schultz was in its employ or otherwise under its control at the time of the accident. *See* La. Civ. Code Art. 2320.

Although the Court must consider all of the unchallenged factual assertion in the light most favorable to the plaintiff, the defendants have challenged the plaintiffs' assertion. In particular, the defendants have filed an affidavit by Schultz in which she states that she was not working on behalf of the SPCA on the date of the accident, or at any other time during her stay in New Orleans:

>   7.   During neither the first visit nor second visit, was she hired, employed by or working in any capacity for the Society for the Prevention of

>       Cruelty to Animals (SPCA), and has never been an
>       employee of the SPCA, or contracted with by the
>       SPCA.  Additionally, she has never been a
>       volunteer for the SPCA.
>
> 8.    During neither the September nor October 2005
>       visits did she contact or speak with anyone
>       affiliated with the SPCA to coordinate animal
>       rescue activities or on any other matters.

(R. Doc. 6-2 at ¶¶ 7-8).  This unrebutted evidence establishes that Schultz had no relationship with the SPCA – even in a volunteer capacity – that would be sufficient to trigger master liability under La. Civ. Code Art. 2320.

The purpose of the Court's summary inquiry, in which it pierces the pleadings, is "only to identify the presence of discrete and undisputed facts that would preclude [plaintiffs'] recovery against the in-state defendant."  *Smallwood*, 385 F.3d at 573-74.  In this case, the undisputed facts establish that there no reasonable basis under Louisiana law to conclude that Schultz had any relationship with the SPCA, much less a master-employee relationship.  Accordingly, the Court must conclude that the SPCA was improperly joined.  Because the SPCA was improperly joined, the parties are completely diverse, and the amount in controversy is greater than $75,000.00, diversity jurisdiction under 28 U.S.C. § 1332 exists, and removal was proper under 28 U.S.C. § 1441.

**V.   CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand to state court.

New Orleans, Louisiana, this __10th__ day of January, 2007.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE