```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

STEWART ET AL.                              CIVIL ACTION

VERSUS                                      NO: 06-9884

AMERICAN FAMILY INSURANCE                   SECTION: "R"(4)
GROUP ET AL.

## ORDER AND REASONS

Before the Court is defendants' motion for partial summary judgment on plaintiff's claims for loss of future wages and/or loss of earning capacity. Plaintiff has not opposed the motion. For the following reasons, defendants' motion is GRANTED.

### I.    BACKGROUND

Plaintiffs Gregory and Nicole Stewart sued defendants Candace Schultz and American Family Mutual Insurance Company in state court alleging liability for injuries sustained by Mr. Stewart when Ms. Schultz crashed into his car on October 25, 2005. (Compl. ¶ 2.) Defendant removed the case to federal court on November 13, 2006. (R. Doc. 1.) Defendants move for partial summary judgment on plaintiff's claims for loss of earning capacity or loss of future wages, contending that plaintiff has suffered no such loss.[1]

---

[1] Although plaintiff did not assert a claim for loss of earning capacity or loss of future wages in his complaint, defendants contend that plaintiff is now asserting such a claim,

**II.   LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue

---

as evidenced by his economist's report and vocational rehabilitation counselor's report, both of which discuss plaintiff's future earning capacity. *See* Plaintiff's Expert Reports, attached as Exhibits A & B to defendants' motion to strike. (R. Doc. 79.)

exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

To recover for loss of future wages and loss of earning capacity, plaintiff must prove those damages with reasonable certainty. *See Dugas v. Derouen*, 824 So. 2d 475, 483 (La. App. 2002).  A court should consider several factors: (1) the plaintiff's pre-injury physical condition; (2) the plaintiff's work history; (3) the consistency of the plaintiff's work; (4) the amount that the plaintiff would have earned had her injury not occurred; and (5) the probability that the plaintiff would have continued to earn wages over the remainder of her work life. *Id.*  Defendants have moved for summary judgment contending on the basis of deposition testimony that plaintiff's ability to earn wages has not been altered by his accident.

Mr. Stewart has been employed by Pacorini USA / Pacorini Global since 2000.[2]  At the time of plaintiff's injury in October of 2005, plaintiff was employed as a foreman.  In August of 2006, plaintiff underwent surgery.  Plaintiff's surgeon, Dr. Kenneth

---

[2] Pacorini USA was acquired by ICS Logistics in 2006, at which time it began to operate as Pacorini Global. (Pl.'s Mot. Sum. J. at 3.)

Vogel, imposed a 50-pound lifting restriction on plaintiff following the surgery.  Although plaintiff's position as a forearm included a 60-pound lifting requirement, both plaintiff's employer and immediate supervisor testified that if something over 50 pounds needed to be lifted, plaintiff could delegate that duty. (Pacorini Dep., R. Doc. 71-6 at 16, 53.)  Plaintiff's immediate supervisor further testified that he did not think delegating that task would negatively impact plaintiff's job evaluation. (*Id.* at 54.)  Plaintiff returned to the job of foreman after his surgery without incident.

On January 3, 2008, plaintiff was offered a promotion to the position of operations supervisor, which has a 35-pound lifting requirement. (Pacorini Dep. at 16-17.)  Plaintiff accepted the job.  Although plaintiff is currently in a 90-day probationary period for the position, plaintiff's immediate supervisor testified that he has not had any problems with plaintiff's performance. (Pacorini Dep. at 49.)  The job pays more than the foreman position.

Plaintiff will bear the burden of proving his damages at trial, including loss of future earning capacity. *See Branan v. Allstate Ins. Co.*, 761 So. 2d 612, 616 (La. App. 2000) (plaintiff "must show, by a preponderance of the evidence, that his ability to earn a living is impaired").  Defendants have pointed out that the evidence in the record contains insufficient proof of any

loss of future earning capacity, and have further provided evidence that plaintiff's employment was not affected by Dr. Vogel's imposition of a 50-pound lifting restriction. Plaintiff has not opposed the motion at all, much less responded by submitting or referring to evidence that shows that a genuine issue of material fact exits. Accordingly, the Court finds that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178.

## IV. CONCLUSION

The Court has reviewed defendants' motion, and finding that it has merit, hereby GRANTS defendants' motion for partial summary judgment. Plaintiff's claims for loss of future wages and loss of earning capacity are dismissed.

New Orleans, Louisiana, this 17th day of March, 2008.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT