# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| GREGORY STEWART, et al | CIVIL ACTION |
|---|---|
| VERSUS | NO: 06-9884-SS |
| AMERICAN FAMILY INSURANCE GROUP, et al | |

## ORDER

DEFENDANT'S MOTION FOR NEW TRIAL (Rec. doc. 157)

**DENIED**

Before the undersigned is the motion of the defendants, Candace Schultz and American Family Mutual Insurance Company, for a new trial or, alternatively, to alter or amend the judgment. For the reasons described below the motion is denied.

## PROCEDURAL BACKGROUND

The parties consented to the trial of this action before a magistrate judge. Rec. doc. 153. The case was assigned to the undersigned. Id. On January 5, 2005, at the conclusion of the trial the jury rendered a verdict. Rec. doc. 154. The plaintiff, Gregory Stewart ("Stewart"), was found not to be negligent, and the jury determined that the following would compensate Stewart for his injuries:

| | |
|---|---:|
| Past, present and future physical pain, suffering, inconvenience, and mental distress | $300,000.00 |
| Loss of enjoyment of life | $150,000.00 |
| Past medical expenses | $88,583.09 |
| Past lost earnings | $14,500.00 |

It did not award any damages to Nicole Stewart. The defendants were cast in judgment for the total amount of $553,083.09, plus legal interest from the date of judicial demand, October 20, 2006. Rec. doc. 156. The defendants filed a motion for a new trial or, alternatively, a *remittur* to alter or amend the judgment. They contend that the award of general damages is excessive. Rec. doc. 157. The plaintiffs oppose the relief. Rec. doc. 161.

## ANALYSIS

This is a diversity proceeding. A trial court sitting in diversity should look to state law for guidance on questions such as the excessiveness of the verdict. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 116 S.Ct. 2211 (1996); and 11 Wright, Miller and Kane, Federal Practice and Procedure §2208 (2d ed. 1994). The defendants cite Westley v. Allstate, Ins., 905 So.2d 1127, 1136 (La. App. 5th Cir. 2005) as providing the standard. In Westley, the court stated:

> [T]he adequacy of award should be determined by facts or circumstances particular to the case under consideration. In reviewing a general damage award, the appellate court must consider the particular facts of the plaintiff's injuries, and the effects of those injuries on the particular plaintiff. An appellate court may not overturn an award for general damages, unless, it is so out of proportion to the injury that it shocks the conscience. Consequently, **an appellate court should rarely disturb an award of general damages because of the "great" discretion vested in the trier of fact**, the non-specific standard for review, and since only when the award is, in either direction, beyond that which a reasonable trier of fact could assess should it increase or reduce award. An appellate court may raise the award to the lowest reasonable amount or reduce it to the highest reasonable amount, only if articulable reasons are found to show that a reasonable trier of fact could not have awarded so much or so little, under all of the circumstances of the case.

Id. (citations omitted) (emphasis added).

Stewart's claim arises from an intersectional automobile accident which occurred on October 25, 2005. Prior to the filing of the suit, Dr. Vogel performed a two-level cervical fusion, which

2

included the installation of plates and screws. At the time of the accident, Stewart worked as a longshore foreman. He continued to work until his surgery in August 2006. After the surgery he missed eight weeks of work. Dr. Vogel permitted him to return to light duty work, and then in October 2006 he was released to work with restrictions primarily no lifting more than fifty pounds and no repetitive looking up. The defendants acknowledge that Stewart missed three to four months of work as a result of his injury and surgery. There is no claim for lost future earnings. Stewart testified that he continues to suffer from a daily clicking sensation or sound as he rotates his head. Some of the his non-work activities have been limited including his relations with his wife. Dr. Vogel testified that despite being able to return to work, Stewart sustained a twenty percent whole body impairment rating as result of his injuries. In addition to this brief synopsis of some of the evidence, the undersigned, by presiding over the trial of the case, is well acquainted with the particular facts of Stewart's injuries and the effects of those injuries on him.

While general damages of $450,000 for the injury sustained by Stewart is on the very high end, particularly in the absence of any claim for lost future wages, they are not so out of proportion to the injury that they shock the conscience. One of the authorities cited by Stewart provides some guidance. See Williams v. City of New Orleans, 897 So.2d 744 (La. App. 4th Cir. 2005) (the plaintiff's injuries were not entirely comparable to Stewart and there was not a separate award for loss of enjoyment of life, the plaintiff was awarded $350,000 in general damages). The defendants have not demonstrated articulable reasons which show that a reasonable trier of fact could not have awarded the amounts found in Stewart's verdict under all of the circumstances of the case.

IT IS ORDERED that the defendants' motion for new trial or, alternatively, to alter or amend the judgment (Rec. doc. 157) is DENIED.

New Orleans, Louisiana, this 13th day of February, 2009.

                                               **SALLY SHUSHAN**
                                      **United States Magistrate Judge**